09-3334-cr (L), 09-3441-cr (Con), 09-3777-cr (Con)
United States v. Uvino

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
        ROBERT A. KATZMANN,
        DEBRA A. LIVINGSTON,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellee</u>,

                                                09-3334-cr
        -v.-                                    09-3441-cr
                                                09-3777-cr
ROBERT DEY, THOMAS FRANZESE,
JOHN TRIPI,
        <u>Defendants</u>,

PHILIP COSTANZA, MICHAEL UVINO,
BRIAN DONO,
        <u>Defendants-Appellants</u>.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT UVINO:**        GAIL JACOBS, Great Neck, New York.

**FOR APPELLANT COSTANZA:**     STEVEN LLOYD BROUNSTEIN, Papa, DePaola & Brounstein, Bayside, New York.

**FOR APPELLANT DONO:**     CHARLES S. HOCHBAUM, Brooklyn, New York.

**FOR APPELLEE:**     JAMES D. GATTA and ELIZABETH GEDDES, Assistant United States Attorneys (Jo Ann M. Navickas, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendants Michael Uvino, Brian Dono, and Philip Costanza appeal from judgments of conviction, entered after trials by juries, at which they were convicted of numerous offenses committed in connection with their membership in and association with the Colombo organized crime family of La Cosa Nostra.

Uvino was convicted of racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); illegal gambling, in violation of 18 U.S.C. § 1955; conspiracy to commit assault, in violation of 18 U.S.C. § 1959(a)(6); and assault, in violation of 18 U.S.C. § 1959(a)(3). Uvino was sentenced to 120 months' imprisonment, three years' supervised release, a $100,000 fine, and special assessments of $700.

Dono was convicted of racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); illegal gambling, in violation of 18 U.S.C. § 1955; robbery conspiracy, in violation of 18 U.S.C. § 1951; and assault, in violation of 18 U.S.C. § 1959(a)(3). Dono was sentenced to 46 months' imprisonment, three years' supervised release, and special assessments of $700.

2

Costanza was convicted of conspiracy to commit assault, in violation of 18 U.S.C. § 1959(a)(6); and assault, in violation of 18 U.S.C. § 1959(a)(3). Costanza was sentenced to 24 months' imprisonment, three years' supervised release, and special assessments of $300.

Defendants claim the district court erred in (1) dismissing a juror after the commencement of trial; (2) admitting testimony of an expert law enforcement witness; (3) indicating that it would deny an application to compel the production of two witnesses; and (4) denying motions for acquittal as to the assault in aid of racketeering counts and denying Dono's motion for acquittal as to the robbery conspiracy count. Defendants further contend that the government adduced insufficient evidence of the interstate commerce nexus on the racketeering counts and insufficient evidence that at least five individuals participated in the illegal gambling business based on bookmaking. Finally, Uvino challenges his sentence, arguing it is substantively unreasonable.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** After opening statements, Juror Six sent a letter to the court advising that he was "strongly biased" against accepting the testimony of any witnesses testifying pursuant to a cooperation agreement with the government, a phrasing that suggests he was biased when he claimed at voir dire that he could weigh the evidence fairly. We have previously explained that a district judge has "broad discretion under Federal Rule of Criminal Procedure 24(c) to replace a juror at any time before the jury retires if there is reasonable cause to do so." United States v. Purdy, 144 F.3d 241, 247 (2d Cir. 1998). Under the circumstances of this case, the district court's exercise of discretion to replace Juror Six should not be disturbed. See United States v. Gambino, 951 F.2d 498, 503 (2d Cir. 1991).

**[2]** Defendants argue that the expert testimony of John Carillo, an investigator employed by the United States Attorney's Office for the Southern District of New York, violated Federal Rule of Evidence 703 and their rights under the Confrontation Clause. Because defendants did not raise these challenges at trial, we review them for plain error, see United States v. Dukagjini, 326 F.3d 45, 59 (2d Cir.

3

2003), and find none.  Carillo testified about the structure, hierarchy, rules, and conduct of organized crime; organized crime terminology and code language; and the functioning of illegal gambling operations.  These are all subjects on which an officer expert may appropriately testify.  See United States v. Mejia, 545 F.3d 179, 189-90 (2d Cir. 2008); United States v. Locascio, 6 F.3d 924, 936 (2d Cir. 1993).

**[3]**  Defendants claim that their Sixth Amendment right to compulsory process was violated when the district court indicated that it would quash a subpoena for the testimony of the two victims of the assault.  The court and the parties expected that, if subpoenaed, these witnesses would invoke their Fifth Amendment privilege against self-incrimination.  As the government points out, defense counsel subsequently withdrew the subpoena and, in any event, counsel never indicated to the district judge that it sought to examine the witnesses on non-privileged subjects.  A "district court has the discretion to prevent a party from calling a witness solely to have him . . . invoke the privilege against self-incrimination in front of the jury." United States v. Deutsch, 987 F.2d 878, 883 (2d Cir. 1993); see also Greiner v. Wells, 417 F.3d 305, 323 n.24 (2d Cir. 2005).  Moreover, defendants cannot "demonstrate that [they] were] deprived of the opportunity to present a witness who would have provided testimony that was 'both material and favorable to [their] defense.'"  Howard v. Walker, 406 F.3d 114, 132 (2d Cir. 2005) (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)).  Accordingly, they cannot show that their Sixth Amendment right to compulsory process was violated.  See United States v. Scopo, 861 F.2d 338, 339, 345-46 (2d Cir. 1988).

**[4]**  In reviewing the denial of defendants' Rule 29 motions de novo, we "view[] the evidence in the light most favorable to the government," United States v. Pizzonia, 577 F.3d 455, 462 (2d Cir. 2009), and conclude that denial of the motions was proper.  There is ample evidence that the victims of the assault suffered physical pain as a result of the beating administered by defendants.  As the district court observed, the question of whether the victims' screams were genuine was presented to the jury.  Dono himself commented to a cooperating witness that one of the victims was injured badly.  The record also establishes that Dono and Costanza aided and abetted Uvino in the assault.  See United States v. Best, 219 F.3d 192, 199-200 (2d Cir. 2000).  With respect

4

to Dono's assertion that he withdrew from the robbery conspiracy, we may properly deem this defense waived as he never raised it at trial. See United States v. Spero, 331 F.3d 57, 60 n.2 (2d Cir. 2003).

**[5]** Defendants' assertion that the government failed to adduce sufficient evidence demonstrating the interstate-nexus element of the racketeering and racketeering conspiracy counts is unavailing. Defendants' suggestion that the government failed to present sufficient evidence that five or more individuals participated in the illegal bookmaking operation similarly lacks merit. Defendants did not challenge the sufficiency of the evidence on these grounds at trial. Accordingly, we review these contentions only for plain error. See United States v. Draper, 553 F.3d 174, 179 (2d Cir. 2009). There is no error, plain or otherwise. The government presented sufficient evidence that, as an enterprise, the Colombo crime family engaged in activities affecting interstate commerce; that is all that is required. See United States v. Feliciano, 223 F.3d 102, 119-20 (2d Cir. 2000). With respect to the bookmaking counts, the record supports the finding that Uvino, Dono, Costanza, and at least two other individuals (not implicated by this appeal) participated in the illegal business. See United States v. Gotti, 459 F.3d 296, 341 (2d Cir. 2006).

**[6]** Uvino maintains that the sentence imposed by the district court is substantively unreasonable. Our role is "limited to examining a sentence for reasonableness, which is akin to review under an abuse-of-discretion standard." United States v. Rigas, 583 F.3d 108, 114 (2d Cir. 2009) (internal quotation marks omitted). We will set aside a sentence based on a claim of substantive unreasonableness "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 122 (internal quotation marks omitted). This is not such a case. Here, the district court considered all of the appropriate factors under 18 U.S.C. § 3553(a) and imposed a sentence it found to be "sufficient, but not greater than necessary to fulfill the purposes of sentencing." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Contrary to Uvino's contention, the district court's stated goal of deterring others from joining organized crime families was entirely appropriate. See United States v. Dazzo, 672 F.2d 284, 289 (2d Cir. 1982). And, "a reasonable explanation" of the difference between the sentences imposed

5

on Uvino and Dono, who was his codefendant at trial, is "readily apparent, namely, the varying degrees of [their] culpability." United States v. Ebbers, 458 F.3d 110, 129 (2d Cir. 2006). Finally, the district court did not abuse its discretion in imposing a fine of $100,000. See U.S.S.G. § 5E1.2. Uvino did not discharge his burden of demonstrating that, in the future, he would lack the assets to pay the fine imposed. See United States v. Salameh, 261 F.3d 271, 276 (2d Cir. 2001).

Finding no merit in any of defendants' arguments on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6