VICTOR MARRERO, United States District Judge.
Defendant Frank Giovinco ("Giovinco") is charged with racketeering conspiracy and extortion conspiracy. (See "Superseding Indictment," Dkt. No. 190.) The trial of Giovinco is scheduled to begin before the Court on June 17, 2019. In light of the upcoming trial, Giovinco filed motions in limine seeking (1) to preclude the testimony of any Government witness as an expert on organized crime; (2) to strike surplusage from the Superseding Indictment, and to preclude from trial any references to "La Cosa Nostra," the "Mafia," and the "Genovese Crime Family"; and (3) to preclude the testimony of any law enforcement officers regarding Giovinco's post-arrest statements. (See "Giovinco Motion," Dkt. No. 211.)
For the following reasons, the Giovinco Motion is DENIED in its entirety.
I. BACKGROUND
On May 29, 2019, the Government filed the Superseding Indictment charging Giovinco with racketeering conspiracy (Count One) and extortion conspiracy (Count Three). (See Superseding Indictment.)
*297 On June 3, 2019, Giovinco filed motions in limine. First, Giovinco seeks a ruling that the testimony of any Government witness as an expert on organized crime should be precluded pursuant to Rule 702 of the Federal Rules of Evidence ("Rule 702"), or, alternatively, a ruling that the Government be required to provide a written summary of any such expert testimony pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure ("Rule 16(a)(1)(G)"). (See "Giovinco Memorandum," Dkt. No. 213, refiled at Dkt. No. 215, at 2-5; "Goldsmith Affirmation," Dkt. No. 212, ¶¶ 4-13.) Second, Giovinco seeks a ruling to strike surplusage from the Superseding Indictment pursuant to Rule 7 (d) of the Federal Rules of Criminal Procedure ("Rule 7(d)"), and a ruling that any references to "La Cosa Nostra," the "Mafia," and the "Genovese Crime Family"[1] be precluded. (See Giovinco Memorandum at 5-7; Goldsmith Affirmation ¶¶ 14-21.) Third, Giovinco seeks a ruling that the testimony of any law enforcement officer regarding Giovinco's post-arrest statements be precluded, because such testimony fails to satisfy the requirements of Rule 403 of the Federal Rules of Evidence ("Rule 403"), does not constitute an "admission" under Rule 801(d)(2) of the Federal Rules of Evidence ("Rule 801(d)(2)"), and is not sufficiently reliable. (See Giovinco Memorandum at 7-9; Goldsmith Affirmation ¶¶ 22-28.)
On June 4, 2019, the Government filed its opposition to the Giovinco Motion. ("Government Opposition," Dkt. No. 217.) First, the Government argues that the testimony of its proposed expert witness, Special Agent John Carillo, is admissible pursuant to Rule 702, because it will be offered for permissible purposes. (See id. at 1-7.) Regarding Giovinco's alternative request for a summary of the expert's anticipated testimony, the Government responds that it "has already provided the defendant with a summary of the anticipated topics of testimony" and has attached to the Government Opposition "several transcripts of the witness's recent testimony to provide a more fulsome preview of this testimony[.]" (Id. at 1.) Second, the Government argues that the Court should deny Giovinco's motion to strike surplusage and to preclude the Government from using, at trial, the terms "Genovese Crime Family," "La Cosa Nostra," and the "Mafia," because such references are relevant to the charged crimes. (See id. at 7-8.) Third, the Government contends that Giovinco's motion to preclude the testimony of any law enforcement officer regarding Giovinco's post-arrest statements resembles a motion to suppress. The Government proceeds to argue that Giovinco's motion should nevertheless be denied without a hearing because the motion is not adequately particular, and, furthermore, does not indicate that there are any contested issues of fact. (See id. at 8-12.)
On June 6, 2019, Giovinco filed a reply in further support of his motions in limine, a reply which the Court has considered in reaching its decisions set forth below. (See "Giovinco Reply," Dkt. No. 221.)
II. DISCUSSION
A. Motion to Preclude Testimony of Government Witness as an Expert on Organized Crime
The Court of Appeals for the Second Circuit has repeatedly made clear that *298 the testimony of a Government witness as an expert on organized crime is admissible. See, e.g., United States v. Matera, 489 F.3d 115, 121-22 (2d Cir. 2007) ; United States v. Locascio, 6 F.3d 924, 936 (2d Cir. 1993) (affirming, in a case - like this one - involving La Cosa Nostra, the trial court's decision to "admit[ ] the testimony of government experts to assist the jury in understanding the structure of organized crime families"). The Second Circuit has specifically affirmed as admissible the expert testimony of investigators with the United States Attorney's Office, see Matera, 489 F.3d at 121-22, and the Government's proposed expert witness, Special Agent John Carillo, specifically, see United States v. Dey, 409 Fed. App'x 372, 374 (2d Cir. 2010).
The Court therefore denies Giovinco's motion to preclude the testimony of the Government witness, Special Agent Carillo, as an expert on organized crime. Because the Government has represented that it has already provided Giovinco with a summary of the anticipated topics of Carillo's testimony, and has also provided transcripts of the expert's prior testimony, the Court denies Giovinco's request for an order requiring the Government to provide a written summary of the expert's anticipated testimony.
B. Motion to Strike Surplusage, and to Preclude Certain References at Trial
Giovinco argues that the Court should strike surplusage from the Superseding Indictment. The Court previously considered and denied a motion by Steven Arena, who was at that time Giovinco's co-defendant, to strike surplusage from the indictment ("Original Indictment," Dkt. No. 5). (See Dkt. No. 183; see also Dkt. Minute Entry for 5/17/2019.) Although the Government subsequently filed the Superseding Indictment, Giovinco does not offer any reasons why the Court's analysis of the Superseding Indictment should differ from its prior analysis of the Original Indictment. Accordingly, for the same reasons conveyed by the Court on the record during the conference held on May 17, 2019, the Court denies Giovinco's motion to strike surplusage from the Superseding Indictment.
Giovinco further argues that the Court should preclude the Government from using, at trial, the terms "La Cosa Nostra," the "Mafia," and the "Genovese Crime Family," because the use of such terms would be unfairly prejudicial. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. But relevant evidence may be excluded "if its probative value is substantially outweighed by," among other factors, "unfair prejudice[.]" Fed. R. Evid. 403. The Court is not persuaded that references to "La Cosa Nostra," the "Mafia," and the "Genovese Crime Family" would unfairly prejudice Giovinco. As the Government notes in its opposition, evidence of Giovinco's membership in or association with the Genovese Crime Family is an element of the charged offenses. (See Government Opposition at 7-8.) The Court therefore denies Giovinco's motion to preclude references to "La Cosa Nostra," the "Mafia," and the "Genovese Crime Family."
C. Motion to Preclude Testimony of Law Enforcement Officers Regarding Giovinco's Post-Arrest Statements
The Court is not persuaded by any of the three reasons offered by Giovinco as a basis for precluding a law enforcement officer's testimony regarding his post-arrest statements. First, the Court finds that testimony regarding Giovinco's *299 post-arrest statements would not be unfairly prejudicial simply because they relate to his alleged involvement or association with the charged conspiracies. See Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997) ("[P]rejudice is unfair only if the evidence has 'an undue tendency to suggest decision on an improper basis.' " (quoting Fed. R. Evid. 403 Advisory Committee Notes (1972))). Second, the Court finds that the proposed testimony -- as described by the Government (see Government Opposition at 10-12) -- constitutes admissions by the defendant himself, evidence which is admissible consistent with Rule 801(d) (2). See, e.g., United States v. Gotti, 457 F. Supp. 2d 395 (S.D.N.Y. 2006). Finally, the Court is not persuaded, at this time, by any of the arguments advanced by Giovinco regarding the reliability of any law enforcement officer's testimony regarding Giovinco's post-arrest statements.
As such, the Court declines to preclude testimony by law enforcement officers regarding Giovinco's post-arrest statements. To the extent the Government fails at trial to lay the necessary foundation for the admission of such testimony, Giovinco may renew his objection.
III. ORDER
For the reasons stated above, it is hereby
ORDERED that the motions in limine of defendant Frank Giovinco (Dkt. No. 211) are DENIED.
SO ORDERED.

Giovinco uses the term "Genovese Crime Family" in the Giovinco Motion, but uses the term "Genovese Organized Crime Family" in the Giovinco Memorandum and the Goldsmith Affirmation. The Government uses the term "Genovese Organized Crime Family" in its Opposition. In this Order, the Court will use the term "Genovese Crime Family," but the Court has considered, and reached the same conclusion as to, both terms.